## STROUD VS. GARRISON.

The defendant, assisted by the plaintiff and others, apprehended runaway slaves, and the defendant afterwards received the reward for their capture: the plaintiff sued for a proportionate part of the reward. *Held*, that the plaintiff was not entitled to recover, as there was no fact in the case from which it might be inferred that the defendant ever promised to share the reward with the plaintiff.

*Error to Drew Circuit Court.*

Hon. JOHN C. MURRAY Circuit Judge.

HARRISON, for the plaintiff.

Mr. JUSTICE FAIRCHILD delivered the opinion of the court.

Smith, a wagoner, told Lephew that some runaway negroes passed his camp the evening before. Lephew told the defendant, a negro catcher; and he, with another person, started in pursuit of the negroes. Lephew and the plaintiff also started about the same time, on the same business, and the two parties, of two persons each, met near the place where Smith saw the negroes. The pursuing party, then consisting of four persons, was soon upon track of the negroes, and their whole number, five, were soon caught by the joint efforts of all the negroes engaged in the pursuit, were taken to Monticello and were delivered by the defendant to the jailer of Drew county. The negroes were afterwards taken from jail by their owner, and the reward for their apprehension was paid to the defendant. This suit was brought to recover one-fourth of the reward, to which the plaintiff claims to be entitled from his participation in the capture.

Although the plaintiff assisted in taking the negroes, they were found by instrumentalities belonging to the defendant, and although the evidence induces the conclusion that the defendant alone would have had difficulty in securing all the negroes when overtaken, yet the defendant had with him another person, and

whether with this help the defendant could have apprehended all of the negroes, without the assistance of the plaintiff and of Lephew, we are not informed by the evidence.

Upon trial of the case in the circuit court of Drew county, the court was asked to instruct the jury that the legal result from the foregoing facts was to make the defendant liable to the plaintiff for one-fourth of the reward received for the apprehension and delivery of the negroes. This the court refused, and instructed the jury that if the parties to the suit were not in partnership in catching the negroes, and had not made any agreement about sharing the reward therefor, that they must find for the defendant. The jury found for the defendant, and the plaintiff prosecuted his writ of error.

There is no fact in the case from which to draw an inference that the defendant ever promised to share, or thought of sharing, with the plaintiff, the reward that should be received for the apprehension of the negroes. He delivered them to the jailer, made the affidavit concerning their capture, claimed and received the reward himself. He never bound himself to pay any part of the reward to the plaintiff, nor would the law raise an implied obligation to do so from the facts.

Although the charge of the judge of the circuit court is not correct in its reference to a partnership between the parties, either in its applicability to the case, or in law if applicable, the plaintiff was not thereby injured, and the instruction desired by the plaintiff was properly refused.

The judgment is affirmed.